UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEWITT BROWN,

        Plaintiff,

      v.                                       Case No. 20-cv-1671-bhl

MILWAUKEE SECURE
DETENTION FACILITY,

        Defendant.

## SCREENING ORDER

    Plaintiff Dewitt Brown, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. This matter comes before the Court on Brown's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

    Brown filed a motion for leave to proceed without prepayment of the filing fee, along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Dkt. Nos. 2-3. The Court assessed an initial partial filing fee of $2.96 and Brown paid that amount on December 8, 2020. Dkt. No. 4. Accordingly, the Court will grant the motion for leave to proceed without prepaying the filing fee. Brown must pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1).

### SCREENING OF THE COMPLAINT

    The Court has a duty to review complaints filed by prisoner-plaintiffs seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The

Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In screening the complaint, the Court determines whether the complaint complies with the Federal Rules of Civil Procedure and states a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must give each defendant notice of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### COMPLAINT ALLEGATIONS

Brown was an inmate at the Milwaukee Secure Detention Facility between July 2019 and July 2020. Dkt. No. 1 at 1. On or around August 23, 2019, Brown moved from the "intake unit" to cell #4 in unit 8A. *Id.* at 2. Cell #4 already housed two other inmates, so Brown became the

third inmate assigned to that cell. *Id*. The cell was only 13 x 6. *Id*. Brown had to sleep on the floor on a structure call a "boat" that was right next to the toilet. *Id*. a 2-3. Brown states that it was "very inhumane and cruel." *Id*. at 3. After about a week on the boat, Brown became very itchy and started getting sores on his body. *Id*. He contacted Health Services. *Id*.

Three days later, on or around August 26, 2019, a bed in a different cell became available but "officers" did not move him there. *Id*. They told him that he would have to wait for the sergeant to come back from vacation before he could move to that new cell. *Id*. Brown then wrote to the security director and a captain, but neither responded. *Id*. He also wrote to the unit manager, HSU, and PSU, all of whom responded "right away." *Id*.

Brown also states, "MSDF is a prison without a[n] outdoor rec area which deprives inmates of sunlight and fresh air." *Id*. at 2. The "lack of sunlight can cause cancer, type 1 Diabetes, Heart Disease & Osteoporosis." *Id*. MSDF also covers its windows, "which makes it very depressing not being able to see outside." *Id*.

For relief, Brown seeks monetary damages and several injunctions. *Id*. at 4.

### THE COURT'S ANALYSIS

To state a claim for relief under 42 U.S.C. §1983, Brown must allege that he was "deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). A state prison or jail, like the Milwaukee Secure Detention Facility, is not a suable entity under §1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *see also Hamilton v. Miller,* 18-cv-47-PP, 2018 WL 4215610 (E.D. Wis. Aug. 31, 2018) ("[P]risons ... are not suable entities because they are not persons capable of accepting service of

3

plaintiff's complaints or responding to them.") The only defendant that Brown named in his complaint is the Milwaukee Secure Detention Facility. Thus, the Court must dismiss the original complaint for failure to state a claim upon which relief can be granted.

The Court will give Brown an opportunity to file an amended complaint to name specific individuals who exposed him to unconstitutional conditions of confinement at the Milwaukee Secure Detention Facility. Brown must allege that: (1) the conditions were so adverse that they deprived him of the "minimal civilized measure of life's necessities" and (2) identify specific individual defendant(s) who acted with deliberate indifference with respect to those conditions. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Deliberate indifference means that the official "knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773.

Specifically, Brown's amended complaint should (at a minimum) describe who he told about the unconstitutional conditions of confinement at the Milwaukee Secure Detention Facility, what the conditions were, how long the conditions lasted, and what those individuals did or did not do to address the conditions. Allegations that a prison is generally unpleasant does not state a claim. *See e.g. Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (noting that inmates are not entitled to the "amenities, conveniences, and services of a good hotel.") Only "extreme deprivations" violate the constitution. *Gray*, 826 F.3d at 1005.

Brown is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior

4

complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). The prior pleading "is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

If the Court receives an amended complaint, it will screen it under 28 U.S.C. §1915A. If it does not receive an amended complaint, it will dismiss this case. If, after reading this order, Brown determines that he does not want to pursue this case, he may voluntarily dismiss this case to avoid the possibility of incurring a strike under 28 U.S.C. §1915(g).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim upon which relief can be granted. The plaintiff may file an amended complaint that complies with the instructions in this order on or before **March 1, 2021**. If the plaintiff files an amended complaint by the date above, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case. Brown may also voluntarily dismiss this case to avoid incurring a strike under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$347.04** balance of the filing fee by collecting monthly

5

payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 28th day of January, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge